FILED

SEP 2 7 2005

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | NO. A:05CA181 SS |
| BENQ AMERICA CORP., ET AL., | § § | JURY DEMANDED |
| *Defendants.* | § § § | |

| | | |
|---|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | NO. A:05CA198 SS |
| ALCATEL, ET AL., | § § | JURY DEMANDED |
| *Defendants.* | § § § | |

| | | |
|---|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | NO. A:05CA333 SS |
| MITSUBISHI ELECTRIC CORP., ET AL., | § § | JURY DEMANDED |
| *Defendants.* | § § § | |

## JOINT PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN

60

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule CV-16, Plaintiff and the majority of the Defendants[1] to the three actions captioned above (collectively "Texas Litigations"), by and through their undersigned counsel of record, hereby submit the following Joint Proposed Scheduling Order and Discovery Plan. Defendants submit that the scheduling order and discovery plan set forth below shall only apply in the event that the Court denies the Motion for Limited Stay Pending a Request for Reexamination, filed with this Court on Monday, September 26, 2005.

## PATENT RELATED DEADLINES

**1.    Preliminary Statement of Alleged Infringement:**

Within 30 days of the September 30, 2005 status conference, on or before October 31, 2005, the Plaintiff will file a short, concise preliminary statement (five pages or less) for each defendant of the alleged infringements by that defendant, the identification of each claim regarding each infringement and how the accused products infringe. **Parties agree.**

**2.    Preliminary Statement of Noninfringement:**

Within 45 days of the September 30, 2005 status conference, on or before November 14, 2005, each of the Defendants will file a separate short, concise preliminary statement (five pages or less) of why the accused products do not infringe. **Parties agree.**

**3.    Exchange of Proposed Claim Terms To Be Construed:**

On or before November 18, 2005 each Party shall submit, in writing, to opposing Parties an identification of each claim term that each Party contends should be construed by the Court. **Parties agree.**

---

[1] Only those Defendants listed on the signature pages of this submission have joined in the filing of this submission to the Court.

4.    **Exchange of Proposed Claim Constructions:**

On or before December 2, 2005 each Party shall submit, in writing, to opposing Parties a chart that sets forth a proposed construction for each claim term that the Parties collectively have identified for claim construction. Within one (1) week of these submissions, the Parties shall confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction Statement. **Parties agree.**

5.    **Joint Claim Construction Statement:**

On or before December 19, 2005 the Parties will file a joint claim construction statement. This submission will consist of: (1) a statement of the proposed construction of all claim terms on which the parties agree; (2) one chart that identifies each disputed claim term and contains two columns with each Parties' construction of the disputed claim terms; (3) identification of all references from the specification or prosecution history that support that construction; (4) an identification of any extrinsic evidence known to the Party on which it intends to rely either to support its proposed construction of the claim or to oppose any other Party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses; and (5) a statement of whether any Party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, specifying the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert. **Parties agree.**

6.    **Technical Tutorial:**

The Parties request that the Court schedule a technical tutorial for January 20, 2006, in the United States Courthouse, Courtroom 2, 200 West Eighth Street, Austin, Texas 78701. The

Parties should be prepared to explain the technical background of the patent, the problems the patent addresses, and how the patent resolves those problems. **Parties agree, subject to the following:**

**Plaintiff's Position:** Each side will make its presentation in one (1) hour or less. Plaintiff submits that since this case involves only one patent (one independent claim and two dependent claims), one (1) hour is sufficient time for each side to provide the Court with appropriate background on the patent.

**Defendants' Position:** Defendants will make every effort to coordinate amongst each other to present a technology tutorial in the least amount of time necessary. Plaintiff has filed suit against forty-five (45) entities, however, and as such Defendants propose that each side be permitted up to two (2) hours in which to present a technology tutorial to the Court.

**7.    Opening Briefs on Claim Construction:**

On or before January 13, 2006, each side (Plaintiff on the one side and the Defendants in all three litigations on the other) will file opening claim construction briefs, which shall not exceed twenty (20) pages in length.[2] **Parties agree.**

**8.    Response Briefs on Claim Construction:**

On or before January 27, 2006, each side (Plaintiff on the one side and the Defendants in all three litigations on the other) will file response briefs on claim construction, which shall not exceed ten (10) pages in length. These briefs will be limited to a response to those issues raised

---

[2] **Defendants' Position:** Defendants will make every effort to coordinate and file a collective brief on claim construction. Due to the number of Defendants in these litigations, and the possibility that there will not be identity of positions on the issues amongst all Defendants, Defendants reserve the right to seek leave from the Court to file short separate briefs on such issues on which they disagree or a brief in excess of the page limits set forth in this proposed order.

in the opening briefs on claim construction.[3] **Parties agree.**

9.    **Claim Construction Hearing:**

The parties request that the Court schedule a *Markman* hearing for February 17, 2006 in

the United States Courthouse, Courtroom 2, 200 West Eighth Street, Austin, Texas 78701.  The

*Markman* hearing will last no more than four (4) hours.  Further, not less than fourteen (14) days

prior to the hearing, counsel for the Plaintiff and the Defendants shall meet and confer in an

attempt to reduce the number of issues for the *Markman* hearing, and shall exchange any exhibits

intended to be relied upon at the *Markman* hearing.  **Parties agree.**

**OTHER PROPOSED DEADLINES**

1.    **Service of Process:**

**Plaintiff's Statement:**  Except for certain Defendants with whom Plaintiff has reached a

settlement, Plaintiff has served all Defendants in accordance with Rule 4 of the Federal

Rules of Civil Procedure.[4]

2.    **Alternative Dispute Resolution Report:**

A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be

filed by November 16, 2005.  **Parties agree.**

3.    **Settlement Offer:**

The Parties asserting claims for relief shall submit a written offer of settlement to

---

[3] **Defendants' Position:**  Defendants will make every effort to coordinate and file a collective response on claim construction. Due to the number of Defendants in these litigations, and the possibility that there will not be identity of positions on the issues amongst all Defendants, Defendants reserve the right to seek leave from the Court to file short separate briefs on such issues on which they disagree or a brief in excess of the page limits set forth in this proposed order.

[4] Five Defendants declined to waive service under Rule 4 of the Federal Rules of Civil Procedure: Alcatel (France), Innostream Inc. (Korea), Arima Communication Corp. (Taiwan), Hon Hai Precision Industry Co., Ltd. (Taiwan), and VK Corporation (Korea).  Plaintiff served these Defendants under Rule 4(f)(2)(C)(i) of the Federal Rules of Civil Procedure by serving the Secretary of State of Texas.  As of the date of this filing, Plaintiff has also initiated service on four of these Defendants through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents or via other equally time consuming means (Taiwan is not a signatory to the Hague Convention or any other treaty on service of process); by the September 30, 2005 Scheduling Conference, Plaintiff will have also initiated service via these means on the final defendant, VK Corporation ("VK").

opposing Parties by December 12, 2005, and each opposing Party shall respond, in writing, by January 7, 2006. **Parties agree.**

**4.     Joinder of Parties and Amendment of Pleadings:**

The Parties shall file all motions to amend or supplement pleadings by March 17, 2006. The Parties shall file all motions to join additional parties by March 17, 2006. **Parties agree.**

**5.     Disclosures:**

In accordance with the Court's Standing Order on scheduling orders, all parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file, a summary of testimony of any witness who will present any opinion in trial in an expert report by **DATE 1**. Any opinion or testimony not contained in the summary will not be permitted at trial. Parties resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file, a summary of testimony of any witness who will present any opinion in trial in an expert report by **DATE 2**. Any opinion or testimony not contained in the summary will not be permitted at trial. All designations of rebuttal experts shall be filed within **fifteen (15) days** of receipt of the report of the opposing expert. The Fed. R. Civ. P. 26 standard is not applicable to this paragraph; it does not make any difference whether or not the expert witness is a "retained expert," as any opinion or testimony of any expert not contained in the summary will not be permitted at trial. **Parties agree, subject to the following:**

**Plaintiff's Position:   Date 1** shall be April 14, 2006. **Date 2** shall be May 14, 2006. The time difference between these proposed dates and the proposed trial date is consistent with scheduling orders issued by the Court in other patent cases. *See, e.g.,* scheduling order entered in *PGI International, Ltd. v. Anderson, Greenwood & Co.*, No.

A-04-CA-330-SS (W.D. Tex. May 24, 2005).

**Defendants' Position: Date 1** shall be September 15, 2006. **Date 2** shall be October 6, 2005. Fact discovery, at the earliest, will not be completed until at least July 31, 2006 (Plaintiff's position). To require all disclosures to occur before the end of fact discovery would create the possibility that information gained legitimately during the discovery period would be inadmissible at trial. Plaintiff's position would inevitably prove untenable for both parties. Accordingly, before any disclosures are to be filed with the Court, fact discovery should be completed.

6.    **Objections to Expert Testimony:**

An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within fifteen (15) days of receipt of the written report of the expert's proposed testimony, or within fifteen (15) days of the expert's deposition, if a deposition is taken, whichever is later. **Parties agree.**

7.    **Discovery:**

**Plaintiff's Position:** The Parties shall complete and supplement all discovery, including expert discovery, on or before July 31, 2006. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

**Defendants' Position:** Defendants believe that claim construction discovery should commence immediately. However, because claim construction will significantly narrow the issues in this case, and based on the excessive and burdensome worldwide discovery

that Plaintiff intends to take on liability and damages issues, Defendants propose that the Court delay discovery on liability and damages until the earlier of: (1) 10 days after the Court has entered a claim construction order or (2) 45 days after the claim construction hearing.   This staged discovery will expedite the case in that all issues concerning liability and enforceability of the patent will move forward without the burden of time-consuming damages discovery, much of which will need to be conducted outside of the United States.

Defendants propose that all fact discovery be completed by August 31, 2006. Counsel may by agreement continue fact discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

Defendants propose that expert discovery be completed by September 29, 2006.

**8. Dispositive Motions:**

Dispositive motions as defined in Local Rule CV-7(h) and responses to dispositive motions shall be limited to ten (10) pages in length. **Parties agree, subject to the following:**

**Plaintiff's Position:** All dispositive motions shall be filed no later than August 14, 2006.

**Defendants' Position:** All dispositive motions shall be filed no later than October 16, 2006.

**9. Trial:**

**Plaintiff's Position:** This case will be set for docket call on October 16, 2006, at 11:00 a.m. and trial in the month of November 2006. The Parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of trial.

**Defendants' Position:** This case will be set for docket call on November 13, 2006 at

11:00 a.m. and trial in the month of December 2006. The Parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of trial.

### PROPOSED DISCOVERY PLAN

The Parties in the above referenced suits agree to the discovery limitations and deadlines provided in the Federal Rules of Civil Procedure and Local Rules, with the following exceptions:

**1.    Initial Disclosures:**

The Parties will serve Initial Disclosures on opposing Parties in accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure by October 14, 2005. **Parties agree.**

**2.    Depositions:**

**Plaintiff's Position:** Each Party will be entitled to a deposition of the representative(s) of any other Party pursuant to Rule 30(b)(6). Depositions of the Rule 30(b)(6) corporate representatives designated by each Party will last no more than a total of fourteen (14) hours. Each party will have up to fourteen (14) additional hours to depose individual witnesses from each Party, provided that each of these additional depositions will last no more than seven hours each.

Audiovox Communications Corp. ("Audiovox") has filed a third-party complaint against its suppliers Toshiba Corp. ("Toshiba"), Curitel Communications, Inc. ("Curitel"), High Tech Computer Corp. ("HTC"), Sharp Corp. ("Sharp"), and Wistron Corp. ("Wistron"). In addition to the foregoing depositions, the Parties involved in or effected by these third-party complaints will be entitled to take an additional fourteen (14) hours of depositions from each of the corporate representatives of Audiovox, Toshiba, Curitel, HTC, Sharp, and Wistron on topics related to the Audiovox third-party complaint, and an additional fourteen (14) hours of depositions of individual witnesses

from each of these companies on issues related to the Audiovox third-party complaint. These additional depositions will last no more than seven hours each.

Mitsubishi Electric Corporation ("Mitsubishi"), and Mitsubishi Electric & Electronics USA Inc. ("Mitsubishi USA") have alleged that all sales of accused devices were made by a Mitsubishi U.S. subsidiary that has since been dissolved, and that they, as named parties, are not liable for any infringement tied to devices sold by the dissolved U.S. subsidiary. In addition to the foregoing depositions, the Parties involved in or effected by these liability issues will be entitled to take an additional fourteen (14) hours of depositions from each of these Parties' Rule 30(b)(6) corporate representatives on topics related to the capacity defense asserted by the Mitsubishi Defendants, and an additional six (6) hours of depositions of individual witnesses from the Mitsubishi Defendants on issues related to the capacity defense asserted by the Mitsubishi Defendants.

In addition to the foregoing depositions, each side will be entitled to an additional seventy (70) hours of depositions of nonparty witnesses. These additional depositions will last no more than seven hours each.

Further, for all experts designated as testifying experts, the opposing side will be entitled to a deposition of each such expert. Depositions of such experts will last no more than a total of seven (7) hours. Experts that are designated to testify at the *Markman* hearing will be deposed, at the option of the opposing side, at least fourteen (14) days prior to the *Markman* hearing.

If a translator or interpreter is used in any deposition, then the time allotment for such deposition will be doubled. This is customary in cases involving deponents who

require translators or interpreters.

None of the above limits include depositions allowed for jurisdictional or venue purposes. *See, e.g.*, Order Granting Plaintiff's Alternative Motion For Discovery and for Extension of Time to More Fully Respond, dated September 20, 2005, [Docket No. 74] in *The Board of Regents of The University of Texas v. Alcatel, et al.*

The Court should not adopt the Defendants' proposal to alter the Federal Rules of Civil Procedure that govern deposition notices, including Rule 45 which governs service of deposition subpoenas. The Court should allow notice of depositions for any location permitted by the Federal Rules of Civil Procedure.

In addition, the Parties reserve the right to request additional time for depositions upon a showing of good cause.

**Defendants' Position:** In each of the three litigations, each side should be permitted fifteen (15) depositions of not more then seven (7) hours each. This allows Plaintiff forty-five depositions in these litigations. This does not include the depositions of experts, but is inclusive of third parties. Unless agreed upon beforehand by the parties, these depositions must be noticed for either the location where the witness entity or individual resides, or where the witness entity or individual has a place of business. Furthermore, a Rule 30(b)(6) deposition notice shall constitute one (1) deposition. In addition, the discovery limitations should apply to all discovery, regardless of whether the Plaintiff elects to conduct jurisdictional discovery or if a particular deposition requires the presence of a translator. If during the course of discovery either side believes further discovery is necessary, the parties shall meet and confer in an effort to resolve the matter and only if they are unable to agree will such party move the Court for additional

discovery.

**Position of Mitsubishi Defendants:** Plaintiff should not be afforded additional discovery directed to the Mitsubishi parties beyond the limits set for each side generally. Neither of the Mitsubishi defendants manufactures or sells cellular telephones in the United States, and to the extent that plaintiff seeks to establish that either of them is liable here for infringement alleged against an entirely different, un-named corporate entity, which was dissolved pursuant to Delaware law more than three years before this action was brought, it should be required to establish its right to proceed on that basis before commencing discovery directed to the merits of this action against the Mitsubishi parties.

3.    **Requests for Admission:**

**Plaintiff's Position:** The maximum number of requests for admissions set by Local Rule CV-36 shall be increased to one hundred (100) requests served by a Party on an opposing Party.

**Defendants' Position:** Defendants request that the Court apply the limitations on requests for admission as set forth by local rule.

4.    **Common Discovery Issues:**

**Plaintiff's Position:** For each group of Parties with a joint defense, *i.e.*, represented by a common law firm, one common set of written discovery requests will be served on the opposing Parties for the following issues: (1) patent validity; (2) patent enforceability; (3) laches; (4) inequitable conduct; and (5) other issues that are not Party specific. The enumerated issues are not specific to a particular Party. By limiting a particular Party involved in a joint defense to one common set of written discovery on these issues, it will simply the case and reduce costs for all Parties.

**Defendants' Position:** Defendants object to any grouping by common law firms. Regardless of whether a particular defendant is represented by the same lawyer or lawyers, each Defendant is entitled to take the discovery it is entitled to take under both Federal and local rules. While Defendants will make every effort to coordinate with Plaintiff and amongst each other on discovery issues, it cannot agree that it will in anyway limit discovery on what Plaintiff has termed "common issues."

5.   **Service of Pleadings and Discovery Requests:**

In accordance with Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure, the Parties agree to accept service of pleadings and discovery requests electronically via e-mail to counsel of record. Service by e-mail is complete upon transmission on this original email. A confirmatory email will be sent thereafter which identifies all documents served but does not include such documents as attachments. This second email is sent to insure that all intended recipients received the original service email. For the purposes of computing time in accordance with Rule 6 of the Federal Rules of Civil Procedure, an e-mail is considered served on the date it is transmitted. **Parties agree.**

6.   **Production of Documents/Web-Based Management System:**

**Plaintiff's Position on Production of Documents and a Web-Based Management System:**

**Plaintiff's Option 1 for Production of Documents:** For documents that are available only in "paper" form, but will be converted to electronic files by the Parties or their counsel in connection with this litigation, all such documents shall be produced as electronic images.

**Rationale:** It is the normal practice in litigation today for counsel producing documents in discovery to review their client's documents for relevancy and privilege electronically;

documents that originally existed on paper are typically scanned and reviewed as electronic images. Accordingly, under normal practice, all Parties to this litigation will have the documents they plan to produce in the electronic format that Plaintiff is proposing to use, and there will be little cost in burning a CD-ROM with a copy of those documents and mailing the CD-ROM. In contrast, to produce these documents in paper would require significant additional costs for the producing party to make photocopies of the paper documents and then mail these potentially large volumes of paper to each other Party in this dispute.

**Plaintiff's Option 2 for Production of Documents:** Discovery responses that include information that exists only in paper form shall be scanned and produced as electronic images (*i.e.*, either "tiff" or "pdf" files).

**Rationale:** This requirement will also reduce costs and save time for all parties to this dispute. Even if the counsel for a producing Party does not create an electronic copy of paper documents for their own use, the cost of scanning and providing electronic copies is still less than generating multiple sets of photocopies for all the parties.[5]

**Plaintiff's Option for a Web-Based Document Management System:** All pleadings, discovery requests, and discovery responses shall be exchanged electronically through and stored in a web-based document management system (for example, an "iCONECT" web-based system) maintained by an independent third-party. All parties will have access to these stored documents from any location with an Internet connection. The

---

[5] For example, Platinum Litigation Solutions (an independent third-party vendor that Plaintiff uses for document production projects) charges $0.08 per page for photocopying and $0.10 per page for scanning and creating electronic images. Accordingly, a 1,000 page copy project for 10 recipients would cost a Party $800 for photocopies plus mailing costs ($0.08 per page X 1,000 pages X 10 sets of photocopies); in contrast, a 1,000 page scanning project with e-mail or ftp electronic transfer would only cost $100 – with no mailing costs ($0.10 X 1,000). Scanning occurs only one time, while photocopying must be updated for each Party.

web-based document management system will provide sophisticated electronic searching and coding of these stored documents. Plaintiff will be prepared to provide a brief presentation at the September 30th scheduling conference explaining the benefits of a web-based document management system, and will respond to any questions the Court or other Parties may have.

**Rationale:** The web-based document management system would function like an ECF system allowing Parties, the Court, and the Court's clerks to instantly access pleadings, discovery requests, and discovery responses. This accessibility would improve efficiency and reduce complexity for the Court and all Parties to these suits.

A web-based document management system would reduce the cost and effort associated with producing and mailing, to each party, forty-plus copies of each pleading, each discovery request and each discovery response. Under the pricing model for the proposed discovery plan the forty plus Parties to these suits would share the monthly cost of $0.002 to $0.004 per stored page. This would result in an approximate cost of $50 to $100 per month per party (assuming forty parties) for uploading and storing one million pages of documents. This cost plus $89 to $149 per person accessing the database per month is the complete cost of this web-based document management system. This monthly cost is comparable to the postage fees associated with a single mailing of a moderately sized pleading or discovery response.

The production of all documents in an electronic format and the use of this web-based document management system allows for the capture and delivery of images and other electronic data as quickly and efficiently as possible. Documents traditionally collected, prepared for and provided to multiple firms and parties are managed only once.

Costs associated with the creation of an index, incurred for each of the document sets provided, are incurred only once. Document productions to opposing counsel are accomplished from a central location; multiple discovery processes have the benefit of all earlier document production strategy decisions.

With respect to authorized access to the information stored in the iCONECT database, iCONECT software has repeatedly met and exceeded security standards, including rigorous U.S. Department of Defense requirements. Further, iCONECT has levels of security that allow customized access rights at the client, case, user, database and even database field level. Thus, a producing party can control and manage access rights to any and all documents produced by that party.

**Defendants' Position on the Production of Documents and a Web-Based Management System:** Plaintiff has elected to raise the issue of how documents are to be produced in this litigation with the Court. Defendants do not agree. As Defendants informed Plaintiff during the Rule 26 conference, they are willing to work with Plaintiff in determining a mutually agreeable manner in which to produce documents in this case. There is no need to involve the Court in this process at this time. Defendants agree to produce all documents in the manner in which they are kept in the ordinary course of business. Defendants should not be obligated to participate in any cost-sharing or web-based document production system which will cost the Defendants money and which seemingly is only offered to reduce the burden on Plaintiff caused by having sued 45 different parties. Defendants should not be required to adhere to more stringent production requirements than those which are provided for by federal and local rules.

Respectfully submitted,

_(signature)_

MICHAEL W. SHORE
State Bar No. 18294915
ALFONSO GARCIA CHAN
State Bar No. 24012408
JEFFREY R. BRAGALONE
State Bar No. 028557755
GERALD B. HRYCYSZYN
State Bar No. 24043734
SHORE CHAN L.L.P.
325 N. St. Paul Street-44th Floor
Dallas, Texas 75201
214.743.4180 Telephone
425.799.4180 Facsimile

BARRY D. BURGDORF
State Bar No. 03376500
THE UNIVERSITY OF TEXAS SYSTEM,
OFFICE OF GENERAL COUNSEL
201 West 7th Street
Austin, Texas 78701
512.499.4462 Telephone
512.499.4523 Facsimile

OF COUNSEL FOR PLAINTIFF
THE BOARD OF REGENTS OF THE
UNIVERSITY OF TEXAS SYSTEM

KIM E. BRIGHTWELL
State Bar No. 02992700
BEVERLY G. REEVES
State Bar No. 16716500
PAUL SCHLAUD
State Bar No. 24013469
REEVES & BRIGHTWELL LLP
221 W. 6th Street, Suite 1000
Austin, TX 78701-3410
512.334.4500 Telephone
512.334.4492 Facsimile

ATTORNEYS FOR PLAINTIFF THE BOARD OF
REGENTS OF THE UNIVERSITY OF TEXAS
SYSTEM

_____
CHARLES K. VERHOEVEN
Cal. Bar No. 170151
KEVIN P. B. JOHNSON
Cal. Bar No. 177129
JENNIFER A. KASH
Cal. Bar No. 203679
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California St., 22nd Floor
San Francisco, California 94111
415.875.6600 Telephone
415.875.6700 Facsimile

COUNSEL FOR DEFENDANTS LG ELECTRONICS MOBILECOMM U.S.A., INC., NEC
AMERICA, INC., NEC USA, INC., SANYO NORTH AMERICA CORP., SENDO AMERICA
INC., SIEMENS COMMUNICATIONS, INC., SONY ERICCSON MOBILE
COMMUNICATIONS, A.B, SONY ERICCSON MOBILE COMMUNICATIONS (U.S.A.),
INC., SPREADTRUM COMMUNICATIONS CORP., UTSTARCOM INC., MOTOROLA,
INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLP., PANASONIC CORP. OF
NORTH AMERICA, HAIER AMERICA IMPORT L.L.C., HAIER AMERICA TRADING
L.L.C.

_____ (with permission)
ALAN ALBRIGHT
Texas Bar No. 00973650
FISH & RICHARDSON, P.C.
111 Congress Ave., Suite 400
Austin, TX 78701
512.391.4928 Telephone
512.391.6837 Facsimile

COUNSEL FOR DEFENDANTS SANYO NORTH AMERICA CORP., SENDO AMERICA
INC., SIEMENS COMMUNICATIONS, INC., SPREADTRUM COMMUNICATIONS CORP.,
UTSTARCOM INC., NOKIA, INC.

*Russell Horton* _(with permission)_ /s/

RUSSELL HORTON
Texas Bar No. 10014450
KINCAID, HORTON & SMITH
106 E. 6th Street
Austin, TX 78701
512-499-0999 Telephone
512-499-0816 Facsimile

COUNSEL FOR DEFENDANTS LG ELECTRONICS MOBILECOMM U.S.A., INC., NEC AMERICA, INC., NEC USA, INC., SONY ERICCSON MOBILE COMMUNICATIONS, A.B, SONY ERICCSON MOBILE COMMUNICATIONS (U.S.A.), INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLP., PANASONIC CORP. OF NORTH AMERICA

*Sharon Israel* _(with permission)_ /s/

SHARON ISRAEL
Texas Bar No. 00789394
MAYER, BROWN, ROWE & MAW LLP
700 Louisiana Street, Suite 3600
Houston, Texas 77002
713.546.0575 Telephone
713.632.1807 Facsimile

COUNSEL FOR DEFENDANT KYOCERA WIRELESS CORP.

*Wayne Harding* _by permission_ /s/

WAYNE HARDING
Texas Bar No. 08978500
CABRACH CONNOR
Texas Bar No. 24036390
DEWEY BALLANTINE, LLP
401 Congress Avenue, Suite 3200
Austin, TX 78701
512.226.0300 Telephone
512.226.0333 Facsimile

COUNSEL FOR DEFENDANTS BENQ AMERICA CORP., CHI MEI COMMUNICATION SYSTEMS, INC., AND MOTOROLA, INC.

_Rodger Sadler_   by AA (with permission)
WILLIAM T. REID
Texas Bar No. 00788817
DIAMOND MCCARTHY TAYLOR FINLEY BRYANT & LEE, LLP
6504 Bridgepoint Parkway, Suite 400
Austin, TX 78730
512.617.5200 Telephone
512.617.5299 Facsimile

ROBERT COTE
RODGER SADLER
ORRICK, HERRINGTON & SUTCLIFFE, LLP
666 Fifth Avenue
New York, NY 10103
212.506.5000 Telephone
212.506.5151 Facsimile

COUNSEL FOR DEFENDANTS TCL COMMUNICATIONS, AND TCL & ALCATEL
MOBILE PHONES LTD.

_George Diaz-Arrastia_ by AA (with permission)
GEORGE R. DIAZ-ARRASTIA
Texas Bar No. 05805600
SCHIRRMEISTER DIAZ-ARRASTIA LLP
700 Milam 10th Floor
Houston, TX 77002
713.860.1600 Telephone
713.228.3510 Facsimile

COUNSEL FOR DEFENDANT AMOI ELECTRONICS, INC.

_Patton G. Lochridge_

PATTON G. LOCHRIDGE
  Texas Bar No. 12458500
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
1300 Capitol Center
919 Congress Avenue
Austin, Texas 78701
512.495.6000 Telephone
512.495.6093 Facsimile
COUNSEL FOR DEFENDANTS MITSUBISHI ELECTRIC
CORPORATION AND MITSUBISHI ELECTRIC
& ELECTRONICS USA, INC., VK MOBILE USA, INC.


JOHN W. KOZAK
  IL Bar No. 1519670
STEVEN P. PETERSEN
  IL Bar No. 6196793
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza
Suite 4900
Chicago, Illinois 60601
312.616.5600 Telephone
312.616.5700 Facsimile

COUNSEL FOR DEFENDANTS MITSUBISHI ELECTRIC
CORPORATION AND MITSUBISHI ELECTRIC
& ELECTRONICS USA, INC.


_W. Wade Porter_   by _____ (with permission)

W. WADE PORTER
Texas Bar No. 16156700
ALLENSWORTH & PORTER, LLP
620 Congress Avenue, Suite 100
Austin, TX 78701
512.708.1250 Telephone
512.708.0519 Facsimile

COUNSEL FOR DEFENDANT AUDIOVOX COMMUNICATION CORP.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date a true and correct copy of the **JOINT PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN** was sent to the following persons by the means indicated.

**<u>INTERNATIONAL AIRMAIL</u>**
Mr. Serge Tchuruk, Chairman & CEO
Alcatel
54, rue La Boetie
75008 Paris France

**<u>Via e-mail to gdarrastia@sdablaw.com</u>**
Amoi Electronics, Inc.
c/o George R. Diaz-Arrastia
Schirrmeister Diaz-Arrastia Brem LLP
700 Milam, 10th Floor
Houston, Texas 77002

**<u>Via e-mail to sisrael@mayerbrownrowe.com</u>**
Kyocera Wireless Corp.
c/o Sharon Israel
Mayer, Brown, Rowe & Maw LLP
700 Louisiana Street, Suite 3600
Houston, Texas 77002

**<u>INTERNATIONAL AIRMAIL</u>**
Mr. Owen Chen, President
Arima Communication Corp.
6F, No. 886, Jhong-Jheng Road
Jhong-He City, Taipei County, Taiwan

**<u>Via e-mail to wwp@aaplaw.com</u>**
Audiovox Communications Corp.
c/o W. Wade Porter
Allensworth & Porter LLP
620 Congress Ave., Ste. 100
Austin, Texas 78701

**Via e-mail to cconnor@deweyballantine.com**
BenQ America Corp.
Chi Mei Communication Systems, Inc.
Motorola, Inc.
c/o Cabrach Connor
Dewey Ballantine, LLP
401 Congress Avenue-Suite 3200
Austin, Texas 78701

**Via e-mail to jenniferkash@quinnemanuel.com**
Compal Communications, Inc.
Curitel Communications, Inc.
Haier America Import LLC
Haier America Trading LLC
Haier Group Co.
HTC Corp.
Kyocera Wireless Corp.
LG Electronics Mobilecomm USA, Inc.
Motorola, Inc.
NEC America, Inc.
NEC USA, Inc.
Panasonic Corporation of North America
Sagem SA
Samsung Electronics America Inc.
Sanyo North America Corp.
Sendo America Inc.
Sharp Corp.
Siemens Communications, Inc.
Sony Ericsson Mobile Communications AB
Sony Ericsson Mobile Communications (USA) Inc.
Spreadtrum Communications Corp.
UTStarcom, Inc.
c/o Jennifer A. Kash
Quin Emanuel Urquhart Oliver & Hedges LLP
50 California Street, 22nd Floor
San Francisco, California 94111

**INTERNATIONAL AIRMAIL**
Mr. Tai-Ming Gou, CEO
Hon Hai Precision Industry Co., Ltd.
2 Tzu Yu St.
Tu-Cheng City, Taipei, Taiwan

**INTERNATIONAL AIRMAIL**
President or CEO
Innostream Inc.
6th Floor, Daewoo Telecom Building
265-3, Seohyeon-dong
Bundang-gu Seongnam-si
Gyeonggi-do 463-769 Korea

**Via e-mail to rhorton@khs-law.com**
LG Electronics Mobilecomm USA, Inc.
NEC America, Inc.
NEC USA, Inc.
Panasonic Corporation of North America
Samsung Electronics America Inc.
Sony Ericsson Mobile Communications AB
Sony Ericsson Mobile Communications (USA) Inc.
c/o Russell Horton
Kincaid, Horton & Smith
106 E. 6th Street
Austin, Texas 78701

**FIRST CLASS MAIL**
Mio Technology Ltd.
Mio Technology Corp., USA
MiTAC Houston Service Center
MiTAC International Corp.
MiTAC Inc.
MiTAC USA, Inc.
c/o Kai Tseng
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

**Via e-mail to jkozak@leydig.com**
Mitsubishi Electric Corp. &
Mitsubishi Electric & Electronics USA Inc.
c/o John Kozak
Leydig Voit & Mayer Ltd.
Two Prudential Plaza–Suite 4900
Chicago, Illinois 60601

**Via e-mail to plochridge@mcginnislaw.com**
Mitsubishi Electric Corp. &
Mitsubishi Electric & Electronics USA Inc.
c/o Patton G. Lochridge
McCinnis, Lochridge & Kilgore, LLP
1300 Capitol Center
919 Congress Avenue
Austin, Texas 78701

**Via e-mail to pflinn@alston.com**
Nokia, Inc.
c/o Patrick J. Flinn
Alston & Bird LLP
One Atlantic Center
1201 Peachtree Street
Atlanta, GA 30309-3424

**FIRST CLASS MAIL**
Jack D. Slobod
Philips Intellectual Property & Standards
Philips Electronics North America Corp.
345 Scarborough Road
Briarcliff Manor, New York 10510

**FIRST CLASS MAIL**
Philips Electronics North America Corp.
c/o Albert Carrion, Jr.
Brown McCarroll LLP
111 Congress, Suite 1400
Austin, Texas 78701

**INTERNATIONAL AIRMAIL**
Gerard Kleisterlee
President and CEO
Royal Philips Electronics N.V.
Breitner Center Amstelplein 2
1096 BC Amsterdam, Netherlands

**Via e-mail to albright@fr.com**
Nokia, Inc.
Sanyo North America Corp.
Sendo America Inc.
Siemens Communications, Inc.
UTStarcom, Inc.
c/o Alan Albright
Fish & Richardson
One Congress Plaza, 4th floor
111 Congress Avenue
Austin, Texas 78701

**Via e-mail to rcote@orrick.com**
TCL Communication Technology Holdings Limited
TCL & Alcatel Mobile Phones Limited
c/o Robert A. Cote
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103-0001

**Via e-mail to  breid@diamondmccarthy.com**
TCL Communication Technology Holdings Limited
TCL & Alcatel Mobile Phones Limited
c/o William T. Reid
Diamond McCarthy Taylor Finley Bryant & Lee, LLP
6504 Bridgeport Parkway, Suite 400
Austin, Texas 78730

**FIRST CLASS MAIL**
VK Mobile USA Inc.
c/o Hae-Chan Park
McGuire Woods LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102-4215

**INTERNATIONAL AIRMAIL**
Yi, Cheol Sang, President
VK Corporation
67 Jije-dong Pyongtaek-City
Kyonggi-do 450-090
Republic of Korea

9/27/05
_____
Date

JOINT PROPOSED SCHEDULING ORDER   PAGE 5 of 5
AND DISCOVERY PLAN